**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Dennis Poll**, <br><br> Plaintiff, <br><br> vs. <br><br> **Leilei LLC**, an Arizona Limited Liability Company; **IOU Sushi IV LLC**, an Arizona Limited Liability Company; and **Gerner Poll and Lori Poll**, a Married Couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Dennis Poll ("Plaintiff" or "Dennis Poll"), sues the Defendants, Leilei LLC, IOU Sushi IV LLC, and Gerner Poll and Lori Poll ("Defendants" or "IOU Sushi") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article

8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.       The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.       The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.       The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

1   Defendants regularly conduct business in and have engaged in the wrongful conduct

2   alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

3   **PARTIES**

4       7.      At all times material to the matters alleged in this Complaint, Plaintiff was

5   an individual residing in Pima County, Arizona, and is a former employee of Defendants.

6

7       8.      At all material times, Defendant Leilei LLC was a limited liability company

8   duly licensed to transact business in the State of Arizona.  At all material times,

9   Defendant Leilei LLC does business, has offices, and/or maintains agents for the

10  transaction of its customary business in Pima County, Arizona.

11

12      9.      At all relevant times, Defendant Leilei LLC owned and operated as "IOU

13  Sushi," a sushi restaurant doing business in Pima County, Arizona.

14      10.     Under the FLSA, Defendant Leilei LLC is an employer.  The FLSA defines

15

16  "employer" as any person who acts directly or indirectly in the interest of an employer in

17  relation to an employee.  At all relevant times, Defendant Leilei LLC had the authority to

18  hire and fire employees, supervised and controlled work schedules or the conditions of

19  employment, determined the rate and method of payment, and maintained employment

20

21  records in connection with Plaintiff's employment with Defendants.  As a person who

22  acted in the interest of Defendants in relation to IOU Sushi's employees, Defendant

23  Leilei LLC is subject to liability under the FLSA.

24      11.     At all material times, Defendant IOU Sushi IV LLC was a limited liability

25

26  company duly licensed to transact business in the State of Arizona.  At all material times,

27

1    Defendant IOU Sushi IV LLC does business, has offices, and/or maintains agents for the

2    transaction of its customary business in Pima County, Arizona.

3          12.    At all relevant times, Defendant IOU Sushi IV LLC owned and operated as

4    "IOU Sushi," a sushi restaurant doing business in Pima County, Arizona.

5          13.    Under the FLSA, Defendant IOU Sushi IV LLC is an employer.  The FLSA

6

7    defines "employer" as any person who acts directly or indirectly in the interest of an

8    employer in relation to an employee.  At all relevant times, Defendant IOU Sushi IV LLC

9    had the authority to hire and fire employees, supervised and controlled work schedules or

10

11   the conditions of employment, determined the rate and method of payment, and

12   maintained employment records in connection with Plaintiff's employment with

13   Defendants.  As a person who acted in the interest of Defendants in relation to IOU

14   Sushi's employees, Defendant IOU Sushi IV LLC is subject to liability under the FLSA.

15

16         14.    Defendants Gerner Poll and Teri Poll are, upon information and belief,

17   husband and wife.  They have caused events to take place giving rise to the claims in this

18   Complaint as to which their marital community is fully liable.  Gerner Poll and Teri Poll

19   are owners of IOU Sushi and were at all relevant times Plaintiff's employers as defined

20

21   by the FLSA, 29 U.S.C. § 203(d).

22         15.    Under the FLSA, Defendants Gerner Poll and Teri Poll are employers.  The

23   FLSA defines "employer" as any person who acts directly or indirectly in the interest of

24   an employer in relation to an employee.  At all relevant times, Defendants Gerner Poll

25

26   and Teri Poll had the authority to hire and fire employees, supervised and controlled

27   work schedules or the conditions of employment, determined the rate and method of

payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to IOU Sushi's employees, Defendants Gerner Poll and Teri Poll are subject to individual liability under the FLSA.

16.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17.     Defendants, and each of them, are sued in both their individual and corporate capacities.

18.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a sushi restaurant in Pima County, Arizona.

19.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.s

20.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

21.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

22.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

23.     Defendants, and each of them, are sued in both their individual and corporate capacities.

24.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

25.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

27.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

29.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

30.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

31.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35.     Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

36.     Defendants own and/or operate as IOU Sushi, an enterprise doing business in Pima County, Arizona.

37.     Defendants operate a sushi restaurant doing business in Pima County, Arizona.

38.     Plaintiff was hired by Defendants on or about July 5, 2022.

39.     At all relevant times, in his work for Defendants, Plaintiff was a chef.

40.     Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $16.

41.     Defendants generally compensated Plaintiff on a bi-weekly basis.

42.     Plaintiff worked for Defendants until approximately October 2, 2022.

43.     Plaintiff, in his work for Defendants, was generally scheduled to, and did, work more than 40 hours per week.

44.     Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

45.     Instead, once Plaintiff's time worked in a given two-workweek pay period reached 80 hours, Defendants would pay Plaintiff at his regular rate in cash for time spent working in excess of 40 hours per workweek.

46.     Defendants classified Plaintiff as W-2 employee.

47.     In his final two workweeks of work for Defendants, Plaintiff worked approximately 80.4 hours.

48.     Rather than pay Plaintiff all wages due and owing to him, Defendants deducted $800 from his final paycheck and did not pay Plaintiff overtime for any time he worked in excess of 40 hours.

49.     When Plaintiff asked Defendant Lori Poll why Defendants deducted such amounts from his wages, Defendants responded that Plaintiff owed them that money.

50.     Plaintiff's final net wages for 80.4 hours worked were approximately $227.81.

51.     In addition, Defendants failed to pay Plaintiff, at a minimum, .4 hours of overtime for such time worked.

52.     On information and belief, at all relevant times, Defendants did not pay Plaintiff overtime for any time worked in excess of 40 hours in a given workweek for his entire employment with them.

53.     As a result of having deducted such amounts from Plaintiff's check for his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

54.     As a result of not paying one and one-half times his regular rate of pay for time worked in excess of 40 hours in a given workweek, Defendants failed to pay the applicable overtime rate to Plaintiff.

55.     As a result of Defendants' failure to compensate Plaintiff the applicable minimum wage for his final two weeks of work, Defendants violated 29 U.S.C. § 206(a).

56.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for his final two weeks of work and, on information and belief, the entire duration of his employment, Defendants violated 29 U.S.C. § 207(a).

57.     As a result of Defendants' failure to compensate Plaintiff the applicable minimum wage for his final two weeks of work, Defendants violated the AMWA, A.R.S. § 23-363.

58.     As a result of Defendants' failure to compensate Plaintiff wages due and owing to Plaintiff for his final two workweeks, Defendants violated the AWA, A.R.S., § 23-351.

59.     Plaintiff was a non-exempt employee.

60.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

61.     Plaintiff is a covered employee within the meaning of the FLSA.

62.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

63.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

64.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

65.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

70.     In a given workweek, Defendants failed to pay Plaintiff one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

71.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

72.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

73.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

74.     Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

75.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be

proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Dennis Poll, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

76.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

-12-

77.     As a result of deduction $800 from the hours he worked in his final two workweeks of employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

78.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

79.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dennis Poll, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     As a result of deduction $800 from the hours he worked in his final two workweeks of employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

82.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

83.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dennis Poll, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

-14-

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANTS LEILEI LLC AND IOU SUSHI IV LLC ONLY**

84.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.     As a result of the allegations contained herein, Defendants Leilei LLC and IOU Sushi IV LLC did not compensate Plaintiff wages due and owing to him.

86.     Defendants Leilei LLC and IOU Sushi IV LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

87.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants Leilei LLC and IOU Sushi IV LLC.

88.     Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Dennis Poll, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants Leilei LLC and IOU Sushi IV LLC:

A.    For the Court to declare and find that the Defendants Leilei LLC and IOU Sushi IV LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of October, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

# <u>VERIFICATION</u>

1

2      Plaintiff, Dennis Poll, declares under penalty of perjury that he has read the

3   foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4   asserted therein are true and based on his personal knowledge, except as to those matters

5   stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8                                                    _____
                                                     Dennis Poll (Oct 18, 2022 09:04 PDT)
9                                                    Dennis Poll

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27